

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-18-00286-CV

Jimmy **MASPERO** and Regina Maspero, Individually,
and as Next Friends of Wyitt Maspero, Wynnsday Maspero, Wesley Maspero, Deceased,
and Walter Maspero, Deceased, Minor Children,
Appellants

v.

### CITY OF SAN ANTONIO,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI14946
Honorable David Peeples, Judge Presiding

**DISSENT TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION**

Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting en banc:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice (not participating)
Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: November 13, 2019

I respectfully dissent to the court's order denying the appellee's motion for en banc reconsideration because the panel opinion conflicts with a prior opinion of this court and en banc reconsideration is necessary "to maintain uniformity of the court's decisions." TEX. R. APP. P. 41.2(c).

As the panel opinion notes, "Officer Kory was turning her car around in an attempt to continue [her] pursuit" of the Suburban. "Officer Kory testified she heard the Suburban accelerate past her and barely had time to radio the direction of the Suburban's travel before she heard the crash." The panel opinion holds, however, the crash was not "so attenuated from Officer Kory's operation of her car to sever the causal nexus between her use or operation of a motor-driven vehicle and the Masperos' injuries."

In *Lopez v. Escobar*, No. 04-13-00151-CV, 2013 WL 4679062 (Tex. App.—San Antonio Aug. 28, 2013, no pet.) (mem. op.), this court previously addressed attenuation in a case involving the pursuit of a pickup truck by law enforcement officers. While being pursued by the officers, the driver of the pickup truck drove across a median crossover before darting out in traffic and crashing into another vehicle. *Id*. at *1-2. This court held the officer's use of the patrol car in pursuing the pickup truck was too attenuated from the crash, reasoning:

> Captain Martinez's use of the patrol car—by following or "pursuing" the truck with his overhead lights on while driving below the speed limit, by following the truck into the median, by leaving the overhead lights on, and by leaving the engine running when he got out of the car—did not actually cause Escobar's injuries. The unknown driver of the truck's decision to try to flee by darting out into traffic caused the injuries. The only connection between the use of the patrol car and Escobar's injuries is that Captain Martinez was attempting to initiate a stop of the vehicle with which Escobar collided. That fact alone is nothing more than mere involvement of the official vehicle and is an insufficient nexus to result in a waiver of immunity.

*Id*. at *6.

Because I believe the panel opinion clearly conflicts with this court's decision in *Lopez*, I respectfully dissent to the court's order denying the appellee's motion for en banc reconsideration.

Sandee Bryan Marion, Chief Justice